354 So.2d 1360 (1978)
STATE of Louisiana
v.
Clarence WHITE.
No. 60821.
Supreme Court of Louisiana.
February 10, 1978.
Elizabeth W. Cole, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant Clarence White was charged by bill of information with possession of heroin, a controlled dangerous substance. La. R.S. 40:966. On October 1,1975, he was tried before a twelve person jury and found guilty as charged. The trial court subsequently sentenced him to serve eight years at hard labor. On appeal, defendant alleges that six trial errors merit reversal of his conviction and sentence.
Having reviewed the assignments of error, we find them to be without merit and accordingly affirm defendant's conviction.
However, we note ex proprio motu a possible error in the sentence, which appears on the face of the record. See, La. C.Cr.P. art. 920; State v. Jones, 341 So.2d 3 (La.1976). Following his conviction, defendant was found to be an habitual offender under the provisions of La. R.S. 15:529.1. The court minutes indicate that he was sentenced to serve eight years at hard labor on his conviction for possession of heroin and eight years on his conviction as a multiple offender, with the two sentences to run concurrently.
Because La. R.S. 15:529.1 is merely a penalty-enhancing device and an indictment thereunder does not charge a criminal offense, the statute permits the imposition of only one sentence. See, State v. Tillett, 351 So.2d 1153 (La.1977); State v. Hill, 340 So.2d 309 (La.1976). Any sentence imposed for the substantive offense prior to the filing of an habitual offender charge is to be vacated coincidentally with imposition of the enhanced penalty. State v. Tillett, supra. *1361 If the minutes in this case accurately reflect the imposition of two concurrent sentences for the same crime, the sentence is erroneous. Therefore, the case is remanded for correction of the sentence, if necessary, in accordance with law.
Affirmed and remanded.