I,PATRICK J. McCABE, Judge, Pro Tem.
Defendant, Ron Rodney, appeals his conviction for distribution of cocaine, in violation of La.R.S. 40:967(A). We affirm and remand.

ISSUES

The issues presented are
(1) Whether the procedure used to identify the appellant was suggestive, and
(2) Whether there are any errors patent on the face of the record.

FACTS AND PROCEDURAL HISTORY

On January 13,1994, Officer Joseph Lewis of the Ascension Parish Narcotics Division was working in an undercover capacity off of Highway 18 on the Westbank of St. James Parish in the Welcome area. At approximately 6:35 p.m., Officer Lewis was at the Blue Swan, which is a store/pool hall-type setup. |2Officer Lewis played about three or four games of pool and was about to leave when defendant, with whom the officer had previous contact, walked up to his car. During the course of their brief conversation, defendant said “I remember you from last time when you were here” and then asked the officer if he was looking, which is street slang for looking to buy cocaine. The officer replied in the affirmative and advised defendant that he wanted “50,” which is street slang for three pieces of rock cocaine for $50. In response, defendant informed the officer that he only had one and that he had sold everything that he had. The officer thereafter gave defendant $20 in exchange for the one piece of crack cocaine.
After the transaction was completed, Officer Lewis, via a two-way radio, called Detective Larry Mayho of the St. James Parish Sheriffs Office, the case officer, and advised him that he had just purchased $20 worth of crack cocaine from a black male by the name of Ron Rodney, someone he had known previously. The officers then met at a predetermined location, at which time Officer Lewis told Detective Mayho the facts surrounding the transaction and also turned over the cocaine. Detective Mayho thereafter per *1105 formed a field test on the substance and it proved positive for the presence of cocaine.
On March 31,1994, the State filed a bill of information in the district court charging defendant with distribution of cocaine, in violation of La.R.S. 40:967(A). At the April 11, 1994 arraignment, defendant pled not guilty. On February 14, 1995, the matter proceeded to trial before a 12-person jury. After considering the evidence presented, the jury found defendant guilty as charged. On July 10, 1995, the trial judge sentenced defendant to five years at hard labor with credit given for time served. The sentence was thereafter suspended and defendant was placed on supervised probation for three years, subject to various conditions, including that he spend two years in parish prison. It is from this judgment that the defendant now appeals.
yJSSUE ONE — LAW AND ANALYSIS
Appellant contends that the identification procedure used by the police was so imper-missibly suggestive that it requires a reversal of the conviction. This assignment of error lacks merit.
La.Code Crim.P. art. 841(A) provides:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
A defendant who fails to object at trial to the admission of the identification evidence or testimony, and who fails to file a motion to suppress the identification, waives the right to assert the error on appeal. State v. Naas, 409 So.2d 535 (La.1981), cert. denied, 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982); State v. Gray, 598 So.2d 1215 (La.App. 4th Cir.1992).
In the present case, the appellant did not file a motion to suppress the identification, nor did he object at trial to the introduction of the identification testimony. Therefore, it does not appear that this issue was properly preserved for appellate review. As such, this Court will not address the merits of this issue.
ISSUE TWO — LAW AND ANALYSIS
For the purpose of an error patent review the “record” in a criminal ease includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or Usentence. See, State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
An error patent review of this matter reveals that the trial judge failed to advise the appellant of the prescriptive period for post-conviction relief as mandated by La. Code Crim.P. art. 930.8(C). However, failure to inform appellant of such does not constitute grounds for reversing the sentence or remanding the case for resentencing. La. Code Crim.P. art. 921. Rather, the appropriate remedy is to instruct the trial court to inform the appellant of the provisions of La. Code Crim.P. art. 930.8 by sending appropriate written notice to the appellant within ten days of the rendition of this opinion and to file written proof that appellant received the notice in the record of the proceedings. State v. Kershaw, supra.
For the reasons assigned, the defendant’s conviction is hereby affirmed, and we remand to the trial court to comply with our order as prescribed herein.

AFFIRMED AND REMANDED.