680 So.2d 104 (1996)
STATE of Louisiana
v.
Marlon C. PAGE.
No. 96-KA-227.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 1996.
*105 Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Board, Gretna, for Appellant, Marlon G. Page.
Terry M. Boudreaux, Assistant District Attorney, Gretna, for Appellee, State of Louisiana.
Before CANNELLA and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
CANNELLA, Judge.
Defendant, Marlon C. Page, appeals from his conviction of simple burglary and his sentence, as an habitual offender, to twenty-four years at hard labor.[1] For the reasons which follow, we affirm the conviction, adjudication, sentence and remand.
On December 13, 1994, at about 5:00 p.m., Clarence Sonnier drove his girlfriend's vehicle to the Auto Zone store on the Westbank Expressway in Jefferson Parish. Sonnier parked the automobile near the front of the store, left the vehicle's windows open, doors unlocked and went into the store for a brief time. When he returned outside, Sonnier discovered that the vehicle's compact disc (CD) player and several compact discs (CDs) were missing. Looking around, Sonnier saw defendant walking away, carrying something. Sonnier confronted defendant and asked him to return the items. Defendant refused and struck Sonnier in the neck. While chasing defendant, Sonnier sought help from Wardell Dorsey, a Jefferson Parish sheriff's deputy, who was patrolling the area. Deputy Dorsey never lost sight of defendant, saw him carrying something in his hands and pursued him to the parking lot of a nearby bar. Just before he apprehended defendant, Deputy Dorsey saw defendant place something in a garbage can. When Sonnier arrived in the parking lot, he identified the items in the garbage can as the CD's and CD player from his girlfriend's automobile. Photographs of the automobile, introduced at trial, show that the CD player was ripped from the dashboard of the vehicle.
Defendant was charged by bill of information with simple burglary, a violation of La. R.S. 14:62. He pled not guilty. On March 22, 1995, after a hearing, the trial court denied defendant's motion to suppress evidence. Then, a six person jury trial was held on the felony charge of simple burglary. At the conclusion of the trial, the jury unanimously found defendant guilty of simple burglary.
On April 27, 1995, defendant was sentenced to eight years at hard labor, with credit for time served. Defense counsel made an oral motion to reconsider sentence on the grounds of excessiveness. The trial judge denied this motion. Then, defense counsel gave an "oral notice of intent to appeal." Defendant was also, on that date, arraigned on an habitual offender bill of information which was filed by the state. He pled not guilty. On June 19, 1995, defendant filed a written motion for appeal, which was ordered by the trial judge on June 20, 1995.
On December 7, 1995, the hearing was held on the habitual offender bill. At the hearing, the state's fingerprint expert testified that the fingerprints of the person convicted in two prior felonies were the same as those of defendant. The trial court adjudicated defendant a third felony habitual offender. On January 18, 1996, the trial court vacated defendant's original sentence (eight years at hard labor) and resentenced defendant to the maximum sentence of twenty-four years at hard labor, with credit for time served, to run consecutive to the time defendant was serving on the misdemeanor conviction. Defense counsel objected to the excessiveness *106 of the sentence. No additional motion for appeal was filed.
On appeal, defendant assigns two errors, arguing that the jury charge, "concerning the definition of the crime," was defective[2] and requesting an error patent review.
In his first assignment of error, defendant contends that the jury was improperly charged that general intent was required as an element of the offense of simple burglary. He argues that this error is prejudicial and reversible because simple burglary is a specific intent crime. Although he concedes that no contemporaneous objection was made to this erroneous charge, he argues that because the error violates fundamental requirements of due process, it may be raised on appeal.
Generally, a party may not assign as error a complaint as to a jury charge in the absence of a contemporaneous objection, which allows the trial court an opportunity to correct the error. La.C.Cr.P. art. 801. See also: La.C.Cr.P. art. 841. State v. Jynes, 94-745 (La.App. 5th Cir. 3/1/95), 652 So.2d 91, 95.
Thus, the threshold issue is whether, absent a contemporaneous objection, this court should review an alleged erroneous jury instruction on appeal.
The Louisiana Supreme Court in State v. Williamson, 389 So.2d 1328, 1331 (La.1980), found that an erroneous jury instruction was reviewable, stating:
... it is within the province of this reviewing court to entertain complaint of Constitutional violations on appellate review notwithstanding that consideration of such complaint more often than not is deferred until filing of a writ of habeas corpus. This Court's usual pretermission of such issues stems from the need of an evidentiary hearing which can only be had incident to the writ of habeas corpus. The record before us, however, bears full and sufficient proof of the error which no posterior hearing could augment. For this reason, the need for delay is obviated.
In the case at hand the asserted error involves the very definition of the crime of which defendant was in fact convicted. Such an error is of such importance and significance as to violate fundamental requirements of due process. (Footnote omitted).
State v. Williamson, 389 So.2d at 1331.
More recently in State v. Cavazos, 610 So.2d 127, 128 (La.1992), reh. denied (La. 1993), where there was an erroneous instruction regarding the element of intent, the Court found that "a substantial probability that jurors may have convicted a defendant under an incorrect definition of the crime justifies setting aside a conviction on due process grounds even in absence of a contemporaneous objection."
Thus, our jurisprudence provides sufficient authority for review of the alleged erroneous jury charge despite the lack of a contemporaneous objection.
The standard for reviewing jury charges requires that the charges be read as a whole. A verdict will not be set aside because of an objection to a portion of the trial court's charge unless such portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial. State v. Broussard, 202 La. 458, 12 So.2d 218, 220 (La.1942). A trial court charges a jury by presenting to the jury his entire instructions. Thus, any appellate review should always consider the entire presentation. State v. James, 95-566 (La.App. 5th Cir.1995), 665 So.2d 581, 583; State v. Parker, 506 So.2d 675, 684 (La.App. 5th Cir.), writ denied sub nom., State v. Tell, 512 So.2d 456 (La.1987).
To be found guilty of simple burglary one must have had the intent to commit a *107 felony or any theft. La.R.S. 14:62. The requisite intent is specific intent which may be inferred from the circumstances. State v. Dardar, 353 So.2d 713, 715 (La.1977).
Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act...." General criminal intent exists when the defendant, "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act...." La.R.S. 14:10. State v. Dardar, supra.
Herein, the trial court gave an incorrect jury charge about the element of intent when the jury was instructed that an essential element was general intent, rather than specific intent. However, the charge given did correctly instruct that an essential element of the crime was "the intent to commit a felony or theft...."
Therefore, because part of the charge given included the correct definition of the offense as to the intent element, we find that the instruction as a whole was not erroneous and prejudicial.
Furthermore, in this case, the facts clearly indicate defendant's specific intent to steal the CD player and CDs or to commit the felony. The items were taken from the vehicle by force, as indicated by the pictures showing that the dash was damaged when the CD player was removed. Defendant fled the scene and attempted to conceal the items taken. In reviewing the facts, it is clear that the guilty verdict was "surely unattributable to the error" that is, the incorrect jury instruction regarding the element of intent, and, thus, harmless error. See State v. Jynes, 94-745 (La.App. 5th Cir. 3/1/95), 652 So.2d 91.
Therefore, in this case, we find that the incorrect part of the instruction on the element of intent does not require reversal of defendant's conviction.
In defendant's second assignment of error, he requests an error patent review.
This court routinely reviews all criminal appeals for errors patent on the face of the record. La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
We have reviewed the record for errors patent and have found two errors.
First, the trial judge did not advise defendant of the provisions of La.C.Cr.P. art. 894.1D, which became effective August 15, 1995.[3]
*108 Even though the trial judge failed to so advise defendant, Paragraph F of that article specifically provides that no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D. Therefore, reversal is not necessary. The error may be corrected on remand. The trial court is hereby ordered to properly inform defendant of those provisions by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Woolridge, 95-971 (La.App. 5th Cir. 2/27/96), 670 So.2d 1332.
Second, the transcript indicates that the trial judge failed to advise defendant of the time delay for filing for post-conviction relief, as mandated by La.C.Cr.P. art. 930.8C. This failure is not grounds for reversal either. Rather, on remand, the trial court is also ordered to inform defendant of the provisions of La.C.Cr.P. art 930.8 by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the forgoing reasons, defendant's conviction for simple burglary, adjudication as a third felony habitual offender and sentence to twenty-four years at hard labor with credit for time served are affirmed and the case is remanded to the district court to notify defendant and provide record evidence that defendant has been provided the notice mandated by La.C.Cr.P. arts. 894.1D and 930.8.
CONVICTION, ADJUDICATION AND SENTENCE AFFIRMED, REMANDED.
NOTES
[1] Defendant's sentence was ordered to run consecutive with a six month sentence on a misdemeanor conviction for simple battery that arose from the same circumstances as the simple burglary. The simple battery conviction and sentence are not before us in this appeal.
[2] Defendant filed a premature motion for appeal on June 19, 1995, after he was convicted and sentenced for the offense and arraigned on the habitual offender charges, but before he was tried on the habitual offender bill and re-sentenced. However, that procedural defect was cured by the subsequent re-sentencing. State v. Johnson, 93-2092, (La.App. 4th Cir. 1994), 639 So.2d 1236. Dismissal of the appeal, at this juncture would only result in piecemeal appeals, needless delay and waste of judicial time. Upon the adjudication of defendant as a third offender and re-sentencing in accordance therewith, the case became ripe for appellate review.
[3] D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:

(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the court shall advise the offender that he may be released upon serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should he be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.