742 So.2d 671 (1999)
STATE of Louisiana
v.
Antoine HOLLINS.
No. 99-KA-278.
Court of Appeal of Louisiana, Fifth Circuit.
August 31, 1999.
*675 Laurie A. White, New Orleans, Louisiana, Attorney for Appellant Antoine Hollins.
Paul D. Connick, Jr., District Attorney, Thomas J. ButlerCounsel of Record on Appeal, Terry M. BoudreauxAppellate Counsel, Gregory M. KennedyTrial Counsel, David M. WolffTrial Counsel, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Antoine Hollins, appeals from his conviction of possession of cocaine with intent to distribute and his enhanced sentence as a third felony offender of life imprisonment at hard labor without benefit of probation, parole or suspension of *676 sentence. We affirm, amend the commitment and remand with order.
Defendant was tried and found guilty of one count of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(A), by a jury of twelve persons on September 30, 1997. On October 2, 1997, defendant filed a motion for new trial which was denied on November 3, 1997. On the same day, the defendant was sentenced to ten years incarceration at hard labor. The State subsequently filed an habitual offender bill of information alleging that he was a third felony offender. On February 12, 1998, an habitual offender hearing was held and defendant was found to be a third felony offender. On March 5, 1998, a sentencing hearing was held at which defendant urged the trial court to deviate from the mandatory minimum sentence in accordance with State v. Dorthey, 623 So.2d 1276 (La.1993). The trial court elected not to deviate from the mandatory minimum sentence and sentenced defendant to life imprisonment at hard labor.[1]
On April 2, 1997 at approximately 6:45 p.m., Deputy Mike Crossen and Sergeant Joseph Williams of the Jefferson Parish Sheriffs Office were on patrol in an unmarked police car investigating complaints of individuals selling drugs on the street in the Bunche Village area of Jefferson Parish. While on patrol, the officers noticed defendant riding his bicycle in the 1400 block of South Elm Street. The officers thought that defendant was loitering in that area and decided to question him. When the officers got out of their car, defendant jumped off his bicycle and fled on foot. The officers pursued defendant on foot through the neighborhood onto Wilson Street.
At the same time, Sergeant Ronald Hoefeld and Lieutenant Timmy Miller were conducting a narcotics investigation in the 1400 block of Wilson Street in Bunch Village. Sergeant Hoefeld heard over the police radio that Deputy Crossen was involved in a foot chase in the area. Sergeant Hoefeld and Lieutenant Miller saw the defendant was headed in their direction and they hid behind their car as he approached. When defendant got close to their car, the two officers stood up and ordered him to stop. Defendant immediately lay face down on the ground with his hands under his body.
While defendant was on the ground, the officers noticed that he was pulling at his waist. The officers feared that defendant was trying to pull out a weapon, so they struggled with him to pull his hands behind his back and handcuffed him. The officers lifted him up off the ground and discovered, on the ground where defendant had been, a plastic bag containing what appeared to be nineteen rocks of crack cocaine. Agent Hoefeld picked up the bag and handed it to Deputy Crossen who performed a field test and determined that the bag contained cocaine. After testing the contraband, defendant was placed under arrest.
At trial, the four officers involved in the pursuit and arrest of defendant testified, along with Edgar Dunn. Dunn was qualified as an expert in the field of narcotics testing and identification. He testified that he tested four of the nineteen pieces of rock-like material in the plastic bag that the officers recovered. Dunn testified that the items tested were positive for cocaine. No other witnesses testified.
On appeal, defendant contends that:
1. The trial court erred in failing to grant defendant's motion for a new trial pursuant to C.Cr. P. art. 851(1), as the *677 verdict is contrary to the law and the evidence.
2. The trial court improperly admitted the abandoned contraband into evidence which was obtained pursuant to an unlawful seizure.
3. Defendant was denied his right to effective assistance of counsel, since the trial counsel failed to pursue pre-trial motions to have the trial court determine whether the seized evidence was constitutionally admissible.
4. The trial court erred in giving the jury an erroneous instruction regarding an essential element of the offense charged, which prejudiced defendant as to the verdict.
5. Defendant's Due Process rights under the Fourteenth Amendment to the United States Constitution were violated when the trial court improperly allowed expert opinion testimony regarding the ultimate issue of guilt in contravention of Louisiana Code of Evidence Article 704.
6. Defendant was erroneously adjudged a third offender under La. R.S. 15:529.1.
7. Defendant's sentence of life imprisonment without benefit of parole, probation or suspension of sentence is constitutionally excessive.
8. Defendant further requests review of the entire record for errors patent.
Defendant first argues that the trial court violated his constitutional rights by denying his motion for new trial because his conviction was based on insufficient evidence. Defendant also claims that the ends of justice would be served by granting a new trial, although he may not be entitled to a new trial as a matter of strict legal right. The State responds that the ruling on a motion for new trial is submitted to the sound discretion of the trial court and the trial court in this case did not abuse its discretion because there was sufficient evidence presented to support defendant's conviction.
La.C.Cr.P. art. 851 provides for the granting of a new trial as follows:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. State v. Humphrey, 445 So.2d 1155, 1160 (La.1984); State v. Hayden, 97-1070 (La. App. 5th Cir. 2/25/98), 707 So.2d 1360, 1364, writ denied 98-0811(La.9/4/97), 723 So.2d 960.
*678 The standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Hayden, 707 So.2d at 1364.
In order to prove guilt by circumstantial evidence, the State must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. This is not separate from the Jackson standard. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, ___ U.S. ___, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Jones, 98-842 (La.App. 5th Cir. 2/10/99), 729 So.2d 57.
Defendant was convicted of possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967(A)(1), which makes it unlawful for any person, knowingly and intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
The crime of possession with intent to distribute cocaine requires proof that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. La. R.S. 40:967(A); State v. Bell, 97-1134 (La. App. 5th Cir. 2/25/98), 709 So.2d 921, 925, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477.
Here, defendant attacks the finding that he had the specific intent to distribute the cocaine. He concedes that the evidence may be sufficient to sustain a conviction for possession of cocaine, but argues that it falls short of sustaining a conviction for possession with intent to distribute cocaine.
Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). The determination of specific criminal intent is a question of fact. State v. Seals, 95-305 (La.11/25/96), 684 So.2d 368, 373; State v. Lewis, 97-160 (La.App. 5th Cir. 7/29/97), 698 So.2d 456, 459. Specific intent may be inferred from the circumstances and from the actions of defendant. Seals, 684 So.2d at 373; Lewis, 698 So.2d at 459.
This Court has recognized a series of factors which may give rise to a reasonable inference that a defendant had the specific intent to distribute: previous attempts to distribute, whether the drug was in a form consistent with distribution to others, the amount of the drug, expert or other testimony showing the amount found in the defendant's possession to be inconsistent with personal use only and paraphernalia evidencing an intent to distribute. State v. White, 98-91 (La.App. 5th Cir.6/30/98), 715 So.2d 714, 717, writ denied, 98-2043 (La.11/25/98), 729 So.2d 577.
Mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Hearold, 603 So.2d 731, 735-736 (La.1992); State v. Lassere, 95-1009 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, 817, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. Mere possession of a drug may establish intent to distribute if the amount of the drug in possession of the accused is inconsistent with personal use. Hearold, 603 So.2d at 736.
In the present case, Lieutenant Miller, qualified as an expert in the field of narcotics investigations, testified that the typical cocaine user only buys one to two rocks at a time. He also testified that a typical crack cocaine user usually has a crack pipe *679 in his possession and that a rock of crack cocaine is normally handed from one person's hand to the other.
In State v. White, defendant was arrested in the Bunche Village area of Jefferson Parish after defendant was seen discarding a plastic pill bottle containing thirteen individually wrapped pieces of crack cocaine. Lieutenant Miller was qualified as an expert witness and testified that the amount of cocaine, the individual wrapping of each rock and the carrying of it in a pill bottle were all consistent with the distribution of cocaine. White, 715 So.2d at 717. This Court reviewed that testimony and found that it was sufficient to show the defendant's criminal intent. Id.
Defendant cites several cases for the proposition that the amount of cocaine involved in this case, nineteen rocks totaling 4.01 grams, does not support a finding that defendant had the intent to distribute. We find the cases distinguishable and the White case on point.
In State v. Robertson, 95-0645 (La.App. 1st Cir. 4/4/96), 672 So.2d 391, writ granted in part, 96-1048 (La.10/4/96), 680 So.2d 1165, the State failed to produce testimony that the amount of cocaine seized was inconsistent with personal use. In the present case, Officer Miller testified that nineteen rocks of crack cocaine would be consistent with wholesale rather than personal use. Additionally, in State v. Robertson the Court noted that there were three persons in the truck and the cocaine could have been for all three to use. Here, defendant was alone on the street at the time when he initially fled from the police.
State v. Evans, 593 So.2d 900 (La.App. 4th Cir.1992), writ denied, 598 So.2d 371 (La.1992), involved twenty-three rocks of crack cocaine. However, that case dealt with expert testimony concerning drug transactions. The Court found that the trial court improperly qualified a police officer as an expert without a basis in the record for his expertise and that the expert improperly gave an opinion of the defendant's guilt. Based on these errors, the Court reversed the defendant's conviction. More on point, the opinion does not discuss whether the amount of cocaine seized was inconsistent with distribution of cocaine.
In State v. Elzie, 343 So.2d 712(La.1977), the cocaine seized was powdered cocaine. In addition, the Court in Elzie focused on the dilution of the cocaine and concluded that the quantity and quality were consistent with personal use. Therefore, the jury could not reasonably exclude the hypothesis that the cocaine was for personal use. In the present case, defendant possessed fairly pure crack cocaine and it was being carried around by defendant and not locked in his home.
Defendant also cites State v. McIntyre, 544 So.2d 86 (La.App. 3rd Cir.1989), for the proposition that possession of 7.75 grams of crack cocaine did not support a finding that the defendant possessed the cocaine with the intent to distribute. However, the conviction in McIntyre was set aside because of the State's failure to present evidence concerning personal use, unlike this case.
Finally, defendant cites State v. Tong, 609 So.2d 822 (La.1992) and State v. Hearold, 603 So.2d 731 (La.1992). Neither of those cases involved cocaine. In both, the defendants were with other people and the Louisiana Supreme Court found that the amounts of drugs were in amounts supporting a finding of personal use by the group. In fact, in Tong, the defendant appears to have been using marijuana at the time of his arrest. Also, the testimony concerning personal use in those cases was equivocal.
In this case, the evidence of the amount, the packaging and the lack of paraphernalia all support an inference that defendant had the intent to distribute the cocaine. Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was sufficient to support defendant's conviction beyond a reasonable *680 doubt. Thus, the trial court did not err in denying defendant's motion for new trial.
Defendant next asserts that the trial court improperly admitted the abandoned contraband into evidence, since it was obtained pursuant to an unlawful seizure in violation of appellant's Fourth Amendment rights and Article I, Section 5 of the Louisiana Constitution of 1974. The State responds that defendant failed to preserve this issue for review because he neither filed a motion to suppress the cocaine nor did he object to the introduction of the cocaine at trial.
La.C.Cr. P. art. 703 provides the mechanism for suppressing evidence and states in part:
A. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained....
C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial....
F. A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial. Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress....
In addition, motions to suppress must also be filed in accordance La.C.Cr.P. art. 841, which provides that:
A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence....
C. The necessity for and specificity of evidentiary objections are governed by the Louisiana Code of Evidence.
Here, defendant did not file a motion to suppress the cocaine in the trial court as required by La.C.Cr.P. art. 703. On appeal, defendant offers no explanation of his failure to file a motion to suppress nor does he discuss the effect of La.C.Cr.P. art. 703 and La.C.Cr.P. art. 841 on his request that this court examine the admissibility of the cocaine.
Failure to file a motion to suppress tangible evidence either before or during trial waives any objection. State v. Lewis, 468 So.2d 557, 559 (La.1985); State v. Smith, 95 1826 (La.App. 1st Cir. 9/27/96), 681 So.2d 980, 989; State v. Christian, 26,589 (La.App. 2nd Cir. 1/25/95), 649 So.2d 806, 807, writ denied, 95-0791 (La.9/15/95), 660 So.2d 448; State v. Reynaga, 93-1520 (La.App. 3rd Cir. 10/5/94), 643 So.2d 431, 433. This Court recently held that a defendant did not properly preserve his right to question the admissibility of a line-up because he failed to object or file a motion to suppress. State v. Rodney, 96-116 (La. App. 5th Cir. 6/25/96), 676 So.2d 1103, 1105.
Based on defendant's failure to file a motion to suppress, we find that defendant failed to preserve the question of the admissibility of the cocaine for review.
In defendant's next assignment of error, he contends that counsel's failure to file a motion to suppress the cocaine denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 16 of the Louisiana Constitution of 1974. The State responds that defendant was not denied effective assistance of counsel because trial counsel's decision not to file a motion to suppress was a tactical decision which is not subject to review.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, *681 so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La.App. 5th Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993).
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5th Cir.4/26/94), 636 So.2d 1069, 1075, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450, and 94-1361 (La.11/4/94), 644 So.2d 1055. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Serio, 94-131 (La.App. 5th Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2068; Soler, 636 So.2d at 1075.
Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). Because there is no precise definition of reasonably effective assistance of counsel, any inquiry into the effectiveness of counsel must be specific to the facts of the case. See: State v. Peart, 621 So.2d at 787.
As the court in Strickland noted 466 U.S. at 688, 104 S.Ct. at 2065:
A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy" ... (Citations omitted.)
In this case, defendant argues that trial counsel was deficient in his duty when he failed to file a motion to suppress and have the trial court examine the admissibility of the cocaine. The State in response argues that defendant's trial counsel did not file a motion to suppress as part of his trial strategy. The State points to a statement by defense counsel during a bench conference, "That's why I never went forward with a Motion to Suppress." (R., p. 95). However, the transcript reflects that defendant's counsel was referring to his decision not to file a motion to suppress with respect to a statement that defendant was alleged to have made because the State indicated that it did not intend to use the statement.
For purposes of an ineffective assistance of counsel claim, the filing of pretrial motions is squarely within the ambit of the attorney's trial strategy, and counsel is not required to engage in efforts of futility. State v. Pendelton, 96-367 (La. App. 5th Cir. 5/28/97), 696 So.2d 144, 156, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450; State v. Morris, 98-236 (La. App. 5th Cir.9/16/98), 719 So.2d 1076, 1081.
*682 In this case, we are unable to determine whether defendant's counsel was ineffective in failing to file the motion to suppress. There is nothing in the record to indicate that the failure was mere trial strategy. Further, the outcome of this trial would have been different had a motion to suppress been filed and granted. Thus, if this failure to file the motion constitutes ineffective assistance of counsel, the error would have been so prejudicial as to deprive the defendant of a fair trial. Under these particular facts, we find that the appropriate resolution of this issue is by post-conviction relief. In the post-conviction relief proceeding defendant will be afforded an evidentiary hearing and an adequate record for this Court to review. Thus, we decline to address the ineffective counsel claim at this time.
In defendant's next assignment of error, he contends that the trial judge committed reversible error by incorrectly instructing the jury on an essential element of the offense charged, in violation of Louisiana Code of Criminal Procedure Article 802 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He argues that the trial judge mistakenly stated that possession with intent to distribute cocaine requires general criminal intent, when it actually requires specific intent. The State concedes that the trial court mistakenly stated that general criminal intent was required for a conviction, but argues that defendant's conviction should not be reversed because defendant failed to object to the intent instruction at trial precluding appellate review and viewing the jury instructions as a whole shows that the error is not prejudicial and reversible.
La.C.Cr.P. art. 801 sets out the procedure for challenging jury instructions as follows:
The court shall charge the jury after the presentation of all evidence and arguments....
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
Generally, a party may not assign as error a complaint to a jury charge in the absence of a contemporaneous objection. State v. Page, 96-227 (La. App. 5th Cir. 8/28/96), 680 So.2d 104, 106, writ denied, 96-2543 (La.9/19/97), 701 So.2d 153; La.C.Cr.P. art. 801; La.C.Cr.P. art. 841(A). The purpose of the contemporaneous objection rule is to allow the trial judge the opportunity to correct the error. State v. Jynes, 94-745 (La.App. 5th Cir. 3/1/95), 652 So.2d 91, 95; State v. Price, 96-680 (La.App. 5th Cir. 2/25/97), 690 So.2d 191, 194. However, an exception to the rule is when the error is in the definition of the crime and where the record bears full and sufficient proof of the error without the necessity for further hearing. State v. Williamson, 389 So.2d 1328, 1331 (La.1980); State v. Hubbard, 97-916 (La. App. 5th Cir. 1/27/98), 708 So.2d 1099, 1107, writ denied, 98-0643 (La.8/28/98), 723 So.2d 415.
In Williamson, the Court found that it is within the province of the reviewing court to entertain complaints of constitutional violations, notwithstanding that consideration of such complaint, more often than not, is deferred until the filing of a writ of habeas corpus, whether they are objected to at trial or raised on appeal. When the asserted error involves the very definition of a crime, it is of such importance and significance as to violate fundamental requirements of due process. Williamson, 389 So.2d at 1331.
The standard for reviewing jury charges requires that the charges be read as a whole. A trial court charges a jury by presenting to the jury his entire instructions. *683 Thus, any appellate review should always consider the entire presentation. Hubbard, 708 So.2d at 1107.
In this case, the trial court charged the jury that, "Possession with Intent to Distribute Cocaine requires general criminal intent." (R., p. 182). The crime of possession of cocaine with intent to distribute requires proof that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. La.R.S. 40:967(A). The trial judge in Page made a similar mistake. There, defendant was convicted of simple burglary. In charging the jury, the trial court incorrectly instructed the jury that an essential element was general intent rather than specific intent. After reviewing the jury instructions as a whole, we found that, although the instructions were in error regarding intent, the charge given correctly instructed the jury that an essential element of the crime was "the intent to commit a felony or theft." Page, 680 So.2d at 107. The Court further found that the evidence produced at trial supported the defendant's conviction. Id.
Examining the jury charges in this case, we reach the same conclusion. The trial court instructed the jury that, to convict defendant, they must find that at the time of his possession he had the specific intent to distribute cocaine.[2] Thus, we find that the jury instructions as a whole were not erroneous and prejudicial. Additionally, as we have already discussed, there was sufficient evidence to support the jury's verdict.
Defendant next contends that his Due Process rights under the Fourteenth Amendment to the United States Constitution were violated when the trial court improperly allowed expert opinion testimony regarding the ultimate issue of guilt, in contravention of La.C.E. art. 704. The State responds that the trial court did not err because the expert testimony produced did not concern the ultimate issue of guilt.
Lieutenant Miller was qualified as an expert in the field of narcotics investigations. He testified that, in his experience, nineteen rocks of crack cocaine would be consistent with wholesale use. Defendant argues that the trial court erred in allowing this testimony because the testimony constitutes an opinion on defendant's guilt.[3]
In State v. Wheeler, 416 So.2d 78 (La. 1982), defendant was charged with possession of marijuana with intent to distribute. As part of its case, the State qualified a police officer as an expert in narcotics transactions. In the course of his testimony, the officer was presented with a hypothetical that exactly tracked events surrounding the defendant's arrest and asked the likelihood that the person who was arrested was involved in the distribution of marijuana. The officer responded that in his opinion such a person would be involved in the distribution of marijuana. The Louisiana Supreme Court found in that case that the officer's testimony was tantamount to an opinion that the defendant was guilty. The Court then stated that:
As the subject matter of the opinion approaches the hub of the issue, the risk of prejudice and hence of reversible error consequently increases. This is particularly so when the witness expressing the opinion is one, such as a police officer, in whom jurors and the public repose great confidence and trust. Under these circumstances, it is clear that a substantial right of the defendant has been violated, and that there is a reasonable possibility that the errors contributed to his conviction....
Wheeler, 416 So.2d at 82.
La.C.E. art. 704 codified the Supreme Court's ruling in Wheeler as follows:

*684 Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused.
In State v. Montana, 421 So.2d 895 (La. 1982), the Court examined testimony by a police officer qualified as an expert in the illicit use and distribution of heroin. He was presented with a factual situation similar to the case in which he was testifying. The officer stated that the person in the hypothet would be holding the heroin for someone else and that the person had the heroin for sale. Faced with this testimony, the Court found that the officer impermissibly gave his opinion on the ultimate facts which the jury was to decide.
In State v. White, 450 So.2d 648 (La. 1984), the Louisiana Supreme Court examined another testimony of a police officer qualified as an expert in drug distribution. The defendant in White was arrested on a street corner with twenty-seven foils of heroin. In White, the officer was questioned about a detailed hypothet paralleling the details of that case. The officer testified that a person standing on a corner with twenty-seven foils of heroin was there with the purpose of selling narcotics. The Louisiana Supreme Court held that this testimony was not permitted under Wheeler and Montana. The Court noted, however, that the officers's testimony that possession of twenty-five foils of heroin was generally considered a wholesale amount of heroin was a permissible opinion.
This Court examined expert testimony in a drug distribution case in State v. Lions, 624 So.2d 436 (La.App. 5th Cir. 1993). In Lions, a police officer was qualified as an expert in the field of packaging and distribution of drugs on both the street and wholesale levels. The officer answered a series of hypothetical questions about the amount of drugs usually associated with personal use and with sales and distribution. We found that the testimony was not common knowledge and the jurors could be aided by his testimony. We further found that the officer's testimony satisfied the guidelines set out in White.
In State v. Soler, 636 So.2d at 1080, we stated that the role of experts in criminal cases is to provide the jurors with a basis of knowledge and background information on a subject. The jury's role is that of ultimate factfinder. They relate background knowledge from the expert to the facts established by evidence at trial and make a determination of the defendant's guilt. State v. Soler, 636 So.2d at 1080.
In the present case, the testimony is similar to the permissible testimony in White and Lions in that the expert did not give an impermissible opinion of guilt. Accordingly, we find that the evidence was admissible.
In his sixth assignment of error, defendant asserts that he was erroneously found to be a third felony offender under La. R.S. 15:529.1. Defendant argues that the State failed to present sufficient evidence to link him to one of the convictions listed in the habitual offender bill of information and that the State failed to present sufficient evidence that he waived his rights in pleading guilty in another conviction listed in the habitual offender bill of information.
To prove that a defendant is an habitual offender, the State must establish by competent evidence the prior felony convictions and that defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Bailey, 97-302 (La.App. 5th Cir. 4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The State may establish this by various means, such as the testimony of witnesses to prior crimes, expert testimony matching fingerprints of the accused with those in the record of prior *685 proceedings or photographs contained in a duly authenticated record. State v. Bailey, 713 So.2d at 610; State v. Brown, 514 So.2d 99, 106 (La.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988). The State must further show that the prior convictions fall within the ten year cleansing period prescribed by La. R.S. 15:529.1(C); Bailey, 713 So.2d at 610.
Where a prior conviction resulted from a guilty plea, the State must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Shelton, 621 So.2d 769 (La.1993); State v. Bailey, 713 So.2d at 610. If defendant denies the allegations of the bill of information, the State has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610. Once the State meets this burden, defendant must produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610. Thereafter, the State must prove the constitutionality of the plea. Shelton, 621 So.2d at 779; Bailey, 713 So.2d at 610.
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. Shelton, 621 So.2d at 780. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. Shelton, 621 So.2d at 780.
In this case, the State filed an habitual offender bill of information alleging that defendant is a third felony offender. In the bill, the State listed three prior convictions. However, two of the convictions were the result of two guilty pleas entered on the same day. At the habitual offender hearing, the State conceded that only one of the guilty pleas entered on the same day could be used to enhance defendant's sentence, but indicated that evidence would be presented on both convictions in case the evidence of either conviction was found to be deficient.
Pursuant to La.R.S. 15:529.1, defendant filed a written response to the habitual offender bill of information, stating that the Boykin hearings in the prior convictions were defective because the courts which accepted the pleas failed to advise defendant of the possible future applicability of La.R.S. 15:529.1. Defendant also argued that the evidence to be used by the State was inadmissible as hearsay and that his prior offenses were not sufficient to sustain the multiple offender prosecution.
Defendant first argues that the State failed its burden regarding State's exhibit No. 2, case No. 94-5922. Defendant asserts that the waiver of rights form was not signed by the judge, although a minute entry indicates that a guilty plea was entered and defendant was advised of his rights. No transcript was offered and no sentence is noted for proof of linking the arrest, conviction, completion of sentence and new arrest dates. Second, regarding State's exhibit No. 1, case No. 95-821, defendant argues that the State failed to prove defendant was the same person who pled guilty therein because there were no readable fingerprints on the guilty plea forms, i.e. the back of the bill of information. Third, defendant argues that the trial judge failed to note which two of the three convictions he used to find defendant a third offender. Fourth, defendant contends that the trial judge failed to provide written reasons as required by R.S. 15:529.1.
The State presented the testimony of Virgil McKenzie, who was qualified as a *686 fingerprint expert. He testified that he took defendant's fingerprints prior to the habitual offender hearing and attempted to match those fingerprints to the prints contained in the bill of information introduced by the state as Exhibit 1A in case No. 95-821. However, due to the condition of the prints on the bill of information there were not enough points of identification to make a match. McKenzie did, however, testify that he was able to match the fingerprints he took from defendant with the fingerprints contained on the arrest register relating to case number 95-821.
This Court has held that testimony comparing a defendant's current fingerprints with those found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony. State v. Bell, 97-1134 (La.App. 5th Cir. 2/25/98), 709 So.2d 921, 926; State v. Joseph, 96-187 (La.App. 5th Cir. 11/14/96), 685 So.2d 237, 248, writ granted in part on other grounds, 96-2998 (La.5/9/97), 693 So.2d 782. Thus, we find that the State presented sufficient evidence to prove that defendant was convicted of possession of cocaine in case number 95-821.
Defendant also attacks the evidence of his conviction in case number 94-5922. Defendant argues that the evidence presented is not sufficient to show that he intelligently waived his rights as required by Boykin. Defendant argues that the waiver of rights form introduced was not signed by the trial judge. The resolution of this issue is not critical because the State also presented evidence concerning a guilty plea entered by defendant on the same day as case number 94-5092.
The State presented evidence that defendant pled guilty in case number 94-5092. That evidence consisted of testimony by McKenzie stating that defendant's fingerprints matched those contained on the bill of information. The State also introduced a waiver of rights form signed by defendant, his attorney and the trial judge. In addition, the State introduced a minute entry indicating that defendant was represented by counsel and waived his rights.
According to Shelton, the burden then shifted to defendant to affirmatively prove an infringement on his rights or a procedural irregularity in the taking of the plea itself. In the present case, defendant did not present any evidence of an infringement of his rights. Therefore, we find that the trial court did not err in finding him to be a third felony offender.
The defendant argues that his sentence of life imprisonment at hard labor is unconstitutionally excessive. The State responds that defendant is precluded from raising the issue of the excessiveness of his sentence on appeal and, in the alternative, that the sentence imposed is not excessive.
The defendant was originally sentenced to serve ten years at hard labor out of a possible thirty year maximum sentence. La.R.S. 40:967(B)(4)(b). However, upon finding the defendant to be a third felony offender, the trial judge vacated the ten year sentence and sentenced the defendant to life imprisonment at hard labor, without benefit of probation or suspension of sentence. Defendant did not file a motion to reconsider sentence, as required by La. C.Cr.P. art. 881.1, but made a general objection. Failure to move to reconsider the sentence precludes review of the sentence. La.C.Cr.P. art. 881.1 D; State v. Alas, 622 So.2d 836, 839 (La.App. 5th Cir. 1993), writ denied, 629 So.2d 397 (La. 1993).
In several cases, this Court has chosen to review the sentence for constitutional excessiveness when defendant failed to file a motion to reconsider sentence and/or stated a general objection.[4] In Jackson, *687 this Court noted that in State v. Mims, 619 So.2d 1059 (La.1993), writ denied, 93-2933 (La.2/11/94), 634 So.2d 373, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. Thus, we will review the constitutional excessiveness of the sentence.
La.R.S. 15:529.1(A)(1)(b)(ii) sets out the sentencing requirements of third felony offenders, as follows:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Defendant was convicted of a violation of La.R.S. 40:967(A), which is punishable by a term of imprisonment at hard labor for not less than five years, nor more than thirty years. Accordingly, the trial court was mandated to sentence the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529.1(A)(1)(c)(ii). Nonetheless, prior to the sentencing hearing, defendant filed a memorandum requesting that the trial judge deviate from the mandatory sentence in accordance with State v. Dorthey, 623 So.2d 1276 (La.1993). In Dorthey, the Louisiana Supreme Court held that the trial judge is empowered to deviate from a mandatory minimum sentence in a habitual offender proceeding. The Court stated:
If, [in sentencing the defendant] the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no `measurable contribution to acceptable goals of punishment' or that the sentence amounted to nothing more than `the purposeful imposition of pain and suffering' and is `grossly out of proportion to the severity of the crime,' he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Louisiana Supreme Court further stated:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. (Citations omitted).
Johnson, 709 So.2d at 676.
In the present case, the trial court considered defendant's argument and found that, based on the record in the case and defendant's prior record it was appropriate to sentence defendant to life as required under the habitual offender law.
After our review of the record, we find that the trial court did not err in refusing to deviate from the mandatory minimum sentence. Defendant's memorandum did not present any reasons why the mandatory minimum sentence was unconstitutional as applied to him other than mentioning that he is a young man. Based on this lack of evidence, defendant failed to establish that the mandatory minimum sentence was unconstitutional as applied to him.

ERROR PATENT
The record was reviewed for errors patent pursuant to defendant's request and La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990) and State v. Godejohn, 425 So.2d 750 *688 (La.1983). Our review discloses that the trial court failed to inform defendant of the prescriptive period for filing post conviction relief and that the minute entry and commitment order incorrectly reflect that defendant pled guilty at the habitual offender hearing.
La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court did not do so. Accordingly, we order the trial court to send written notice of the prescriptive period to defendant within ten days of the rendering of this Court's opinion, and to then file written proof in the record that defendant received such notice. See: State v. Kershaw, 94-141 (La.App. 5th Cir.9/14/94), 643 So.2d 1289.
Defendant asserts that the record reflects that the trial court failed to grant defendant credit for time served. However, the legislature has reenacted La. C.Cr.P. art. 880 to make the credit for prior custody self-operating. Thus, it is no longer necessary for this court to amend the defendant's sentence to reflect credit for time served. State v. Rainey, 98 436 (La.App. 5th Cir. 11/25/98), 722 So.2d 1097, 1107.
Defendant also notes correctly that the transcript of the habitual offender hearing reveals that defendant denied the allegations in the habitual offender bill of information, but that the minute entry and commitment state that defendant admitted the allegations. Where there are discrepancies between the transcript and minute entry or commitment, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983); State v. Haynes, 96-84 (La.App. 5th Cir. 6/25/96), 676 So.2d 1120, 1123. Accordingly, we will order that the minute entry and commitment be amended to be consistent with the transcript of the habitual offender hearing.
Finally, we note that the trial judge vacated defendant's original sentence immediately after he sentenced him as an habitual offender, during the sentencing proceeding. Generally, when the original sentence on the underlying offense has not been vacated at the time of defendant's sentencing as an habitual offender, the original sentence remains in effect and the subsequent sentence as an habitual offender is null and void. State v. Ayche, 98-191 (La.App. 5th Cir. 7/28/98), 717 So.2d 1218, writ granted in part, 98-2345 (La.1/15/99), 723 So.2d 952. However, in State v. White, 354 So.2d 1360 (La.1978), the Louisiana Supreme Court stated that "Any sentence imposed for the substantive offense prior to the filing of an habitual offender charge is to be vacated coincidentally with imposition of the enhanced penalty." White, 354 So.2d at 1360. In addition, La.R.S. 15:529.1 D(3) states that:
(3) When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.
Because this sentence was vacated coincidentally with the imposition of the enhanced sentence, we find no necessity to vacate the enhanced sentence.
Accordingly, we hereby affirm defendant's conviction and sentence, but amend the minute entry and commitment of the habitual offender hearing to conform to the transcript. We further order the trial *689 judge to send written notice of the prescriptive period for post-conviction relief to defendant within ten days of the rendering of this Court's opinion, in accordance with La.C.Cr.P. art. 880, and to file written proof in the record that defendant received such notice.
CONVICTION AND SENTENCE AFFIRMED, COMMITMENT AMENDED AND CASE REMANDED WITH ORDER.
NOTES
[1] Defendant filed a motion for appeal on March 16, 1998 which was signed by the trial court on March 30, 1998. The appeal was lodged with this Court and designated case number 98-KA-768. Upon review, this Court determined that defendant had failed to timely file his appeal in accordance with La. C.Cr.P. art. 914 and, as a result, dismissed defendant's appeal. State v. Hollins, 98-768 (La.App. 5th Cir. 1/13/99), 726 So.2d 448. On January 25, 1999, pursuant to a Motion for Post-Conviction Relief, the trial court granted defendant an out of time appeal.
[2] (R., p. 182).
[3] It is noted that although there was no objection to this testimony when presented at trial, defense counsel filed a motion in limine to exclude this testimony and objected to the trial court's denial of his motion.
[4] See: State v. Allen, 93-838 (La.App. 5th Cir. 5/13/94), 638 So.2d 394, 401 writ granted, 646 So.2d 390 (La.1994), writ recalled, 651 So.2d 1343 (La.1995); State v. Pendelton, 96-367 (La.App. 5th Cir. 5/28/97), 696 So.2d 144 writ denied, 97-1714 (La.12/19/97), 706 So.2d 450; State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440, writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612; State v. Richmond, 97-1225 (La.App. 5th Cir. 3/25/98), 708 So.2d 1272