637 So.2d 1140 (1994)
STATE of Louisiana
v.
Anderson CLARK.
No. 93-KA-2090.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1994.
*1141 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., of Orleans Parish, New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before KLEES, CIACCIO and JONES, JJ.
JONES, Judge.

STATEMENT OF THE CASE
Defendant, Anderson Clark, was charged by bill of indictment with second degree murder, a violation of La.R.S. 14:30.1. Defendnat entered a plea of not guilty and was tried by a twelve-member jury. The jury found the defendant guilty as charged and the trial court sentenced the defendant to the mandatory sentence of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction.

STATEMENT OF THE FACTS
On July 31, 1992, at about 7:00 a.m., the defendant, the victim, Dwayne "Truckhead" Nogess, Derrick Reaux, and several other men, were sitting on the steps of 1834 Governor Nicholls Street drinking wine. An altercation began when the victim asked the defendant for a cigarette and the defendant answered that he didn't have any. The victim grabbed the defendant by the neck and pushed him against a gate. Derrick Reaux testified that the victim was "like choking him" and the defendant's eyes were bulging. The other friends quickly broke up this altercation, which Derrick Reaux testified wasn't a "real fight", but that the victim "just grabbed him [the defendant]". The defendant left and said he would be right back.
The defendant returned several minutes later. As he stood in the street he told Reggie, one of the friends on the stairs, to get up and move away. As the defendant stood in the street, he and the victim argued; the defendant pulled out a pistol and fired once above the victim. The victim turned around and covered his head and his face. The defendant fired two more times striking the victim one time in the back. Ms. Takawitha Jefferson, who was walking nearby and saw these events, testified that after hearing the three shots, she heard several more "clicks" of the gun as the defendant continued to shoot. When the defendant turned and walked away, he looked at Ms. Jefferson and said, "I told ya'll I was going to do it". Neither eyewitness, Takawitha Jefferson or Derrick Reaux, testified that the victim possessed a weapon or that there was anything more to the altercation than the brief skirmish described by Derrick Reaux.
After witnessing the shooting, Derrick Reaux ran to his parent's house next door, knocked on the window and told his father to call 911, and that "Truckhead" got shot. Hebert Reaux and his wife, Joyce, lived next door to the shooting and heard the shots. They did not see the perpetrator and arrived on the scene after the victim's friends were attending to him.
The victim died from a single bullet wound which entered his back. The victim had a blood alcohol content of .22% at the time of the shooting. There were no powder marks on the victim's body, indicating that these *1142 shots were fired from a distance of greater than 18 inches. The victim was described as a very muscular, tall male and the appellant was described as a slight man, approximately 130 lbs.

DISCUSSION

A. ERRORS PATENT

A review of the record reveals none.

B. ASSIGNMENTS OF ERROR

The appellant contends that the evidence presented at trial fails to support the jury's verdict of second degree murder.
In State v. Issac, 621 So.2d 164 (La.App. 4th Cir.), writ denied, 629 So.2d 359 (La. 1993), this court stated:
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh. den. 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution, but must consider the record as a whole as a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green.

Id. at 166.
Appellant was charged with and convicted of second degree murder. La.R.S. 14:30.1 defines second degree murder in part as follows:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm....
The appellant contends the evidence only supported a finding of manslaughter.
La.R.S. 14:31 defines manslaughter in part as follows:
A. Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; ....
"Sudden passion" or "heat of blood" are not elements of the crime but rather factors which serve to mitigate the grade of the offense from homicide to manslaughter, thus a defendant who establishes by a preponderance of the evidence that he acted in a "sudden passion" or "heat of blood" is entitled to a manslaughter verdict. State v. Lombard, 486 So.2d 106, 111 (La.1986); on remand, 501 So.2d 889 (La.App. 5th Cir.), writ denied, 506 So.2d 504 (La.1987); State v. Mayho, 601 So.2d 783, 792 (La.App. 4th Cir.), writ denied, 605 So.2d 1121 (La.1992).
In the present case, testimony from state witnesses established that the appellant and the victim had been involved in a skirmish several minutes before the shooting. However, both eyewitnesses, Takawitha Jefferson and Derrick Reaux, testified that the shooting did not occur until after the appellant had left the scene, apparently to retrieve a weapon, and returned several minutes later. No evidence was presented that the victim was carrying a gun or was actively threatening the appellant when the fatal shot was fired. In fact, both witnesses testified that the victim had turned his back and was *1143 covering his face and head when he was shot in the back. The appellant was standing in the street, some distance away from the victim, when the fatal shot was fired. Unlike the victim in State v. Lombard, supra, the victim in this case did not threaten to kill the appellant or attempt to instigate another altercation immediately before the shooting.
Given the above facts, a rational trier of fact could very well have found that defendant failed to prove by a preponderance of the evidence that he acted in "sudden passion" or "heat of blood" when he shot Dwayne Nogess. State v. Issac, supra, State v. Mayho, supra.
Accordingly, the appellant's conviction of second degree murder is affirmed.
AFFIRMED.