767 So.2d 1 (1999)
STATE of Louisiana
v.
Robert SHEEHAN.
No. 99-K-0725.
Supreme Court of Louisiana.
July 2, 1999.
PER CURIAM.[*]
Granted. The rulings below on the motion to suppress are reversed, relator's conditional guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), is vacated, and this case is remanded to the district court for further proceedings. Even assuming that the police had reasonable suspicion to conduct an investigatory stop and that the close association of weapons and narcotics trafficking gave the officers an articulable basis to conduct a self-protective frisk for weapons, see United States v. Trullo, 809 F.2d 108, 113-14 (1st Cir.1987), the seizure and search of the cigarette pack from relator's shirt pocket, which led to the unfolding of crumpled cellophane at the bottom of the pack and to the discovery of a single rock of cocaine concealed within the cellophane, exceeded the permissible scope of the pat-down frisk sanctioned by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and "amounted to the sort of evidentiary search that Terry expressly refused to authorize...." Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 2139, 124 L.Ed.2d 334 (1993).
NOTES
[*] Kimball, J., not on panel. See La.S.Ct.Rule IV, Part II, § 3.