| .GOTHARD, Judge.
Defendant, Robert Allen, was convicted of attempted unauthorized entry of a place of business in violation of La. R.S. 14:27/62.4. After the denial of his motions in arrest of judgment and motion for new trial, he was sentenced to three years at hard labor. Subsequently, the State filed a multiple bill of information, and after accepting defendant’s stipulation to the multiple bill, the trial court found defendant to be a third felony offender. Defendant’s sentence of three years was vacated and he was re-sentenced to four years at hard labor, without benefit of probation or suspension of sentence. Defendant now appeals.
The victim, Charles Walker, is the owner of Annie’s Sandwich Shop in Marrero. On August 26, 1998 Charles Walker left his shop at approximately 6:30 p.m. At approximately 10:00 p.m. that night, Charles Walker was at home when someone came over and informed him that the glass on the front door of his sandwich shop had been broken out. Walker then got in his car and drove the three blocks between his house and the shop to investigate. Upon arriving, Walker noticed that the glass covering the burglar bars in the front door had been broken out and that defendant was kneeling by the door.
l.qWhen Walker arrived, defendant got up and began to flee. Walker yelled at the defendant, telling him to stop, and the defendant called back that he had not broken the glass. Walker chased defendant with his car into a yard. Walker called out to some people sitting on the porch in that yard, and those people stopped defendant. *951 They held defendant until the police arrived, at which time he was arrested.
Deputy Soileau testified at trial that on August 26, 1998 he was on patrol alone in Marrero when he was called to investigate an attempted burglary of Annie’s Sandwich Shop. He was advised that two citizens were holding a suspect near the shop in the six thousand (6000) block of Field Street. When he arrived on Field Street he noticed the defendant laying on the ground with Charles Walker and another man standing over him. As a result of his conversation with Charles Walker, Deputy Soileau arrested defendant. After defendant’s arrest, Deputy Soileau went to Annie’s Sandwich Shop and saw that the glass had been pulled from the shop’s front door.
Deputy Christopher Gai was also dispatched to the scene and his testimony was similar to that of Deputy Soileau.
On appeal, defendant alleges that the evidence adduced at trial was insufficient to support his conviction for attempted unauthorized entry of a business.
The standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence 'in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hawkins, 96-0766 (La.1/14/97), 688 So.2d 473, 479. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of in-noeenee”. The requirement of La. R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060; writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
In the present case defendant was found guilty of attempted unauthorized entry of a place of business in violation of LA.-R.S. 14:62.4 and LA.-R.S.Lm.[1] Accordingly, the State had the burden of proving that defendant had the specific intent to enter the sandwich shop without authority and did an act in furtherance thereof.
IsSpecific criminal intent is a state of mind, and, as such, need not be proven as fact but may be inferred from the circumstances and the actions of the accused. State v. Lewis, 97-160 (La.App. 5 Cir. 7/29/97), 698 So.2d 456, writ denied, 97-2381 (La.3/27/98), 716 So.2d 881; State v. Meyers, 95-750 (La.App. 5 Cir. 11/26/96), 683 So.2d 1378; State v. Nguyen, 95-1055 (La.App. 5 Cir. 3/26/96), 672 So.2d 988, writs denied, 96-1019 (La.10/4/96), 679 So.2d 1377 and 96-2087 (La.10/7/96), 680 So.2d 639. The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741 (La.1982); State v. Lewis, supra; State v. Meyers, supra; State v. Hill, 93- *952 405 (La.App. 5 Cir. 3/29/94), 636 So.2d 999, writ denied, 94-3144 (La.9/1/95), 658 So.2d 1259.
At the trial of this matter, the testimony established that defendant was kneeling in front of the door and that the glass had been broken out. The owner of the shop stated that when he saw the defendant, “Appeared, look like he was trying to get in through the bars; I don’t know.” When the owner approached, defendant ran, while telling the owner that he (defendant) did not break the glass. The jury heard this testimony and found beyond reasonable doubt and viewing the evidence in a light most favorable to the prosecution that defendant attempted to enter the sandwich shop without the owner’s permission. We find that sufficient evidence was presented to support the verdict. Defendant’s allegation of error is without merit.
We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which merit consideration.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LA.-R.S. 14:62.4 defines unauthorized entry oí a place of business as follows:
A. Unauthorized entry of a place of business is the intentional entry by a person without authority into any structure belonging to another and used in whole or in part as a place of business.
LA.-R.S. 14:27 defines attempts as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.