775 So.2d 1051 (2000)
STATE of Louisiana
v.
Carl WILSON.
No. 00-KK-0178.
Supreme Court of Louisiana.
December 8, 2000.
*1052 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Andre Michel Jeanfreau, Baton Rouge, Counsel for Applicant.
Townsend M. Myers, New Orleans, Counsel for Respondent.
PER CURIAM.
The trial court's judgment granting respondent's motion to suppress evidence, and the decision of the court of appeal affirming that order, State v. Wilson, 99-2392 (La.App. 4th Cir.12/22/99), 759 So.2d 351 (unp'd), are reversed and this case is remanded for further proceedings.
We agree with the court of appeal that "the fact a white man is walking in a predominantly black high crime or drug trafficking area does not constitute reasonable cause to stop him." Wilson, 99-2392 at 7. See United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.1982) ("Race or color alone is not a sufficient basis for making an investigatory stop.") (citing United States v. Brignoni-Ponce, 422 U.S. 873, 886-87, 95 S.Ct. 2574, 2582-83, 45 L.Ed.2d 607 (1975)). Officer Michael Glasser was therefore not entitled to act solely on the basis of his "extensive experience in purchasing narcotics" in the area of the Iberville Housing Project in New Orleans, "that it's an unfortunate but a common occurrence that white people will go into the [area] in an effort to try to obtain contraband that they cannot get elsewhere, or feel that they can't get elsewhere."
However, the officer made clear in his testimony at the suppression hearing that while racial incongruity "did factor in," he considered other circumstances more important in his decision to make an investigatory stop. Glasser had turned the corner at North Villere and Canal streets in New Orleans shortly after midnight when he observed the defendant crouching by the driver's door of a car parked at the curb. The vehicle's driver sat at the wheel across from the defendant. Alerted by the headlights of Glasser's marked police unit, both men looked up. The defendant immediately backed away from the car parked at the curb, jammed his hands into his jacket pockets, and began walking away as the vehicle turned from the curb and attempted to reenter traffic. Glasser had "purchased drugs in an undercover capacity several hundred times from that immediate area," and over the course of 20 years had made "several hundred arrests [of] people in that area who have gone there expressly to purchase cocaine, or crack cocaine, or people who have sold crack cocaine to individuals who have come there for that express purpose." Based on this experience, Glasser concluded that he had interrupted a drug transaction and detained both the defendant and the driver of the car. Upon frisking the defendant for weapons, Glasser felt through the thin material of defendant's nylon jacket "what appeared to be a bag of small rock-like objects." The officer testified at the hearing that he knew *1053 immediately from his long experience in the field that the package contained rock cocaine for retail sale on the streets, removed it from defendant's pocket, and placed the defendant under arrest. In a search incident to that arrest, the officer recovered a wad of currency from defendant's pocket and found 14 more pieces of rock cocaine.
Under these circumstances, the trial court erred in granting the defendant's motion to suppress. This Court has emphasized that in assessing whether the police had reasonable grounds to make an investigatory stop, "[a] reviewing court must take into account the `totality of the circumstancesthe whole picture,' giving deference to the inferences and deductions of a trained police officer `that might well elude an untrained person.'" State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049 (La.1998) (quoting United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). Because reasonable suspicion for an investigatory stop need not rise to the level of probable cause for an arrest, the police require only "`some minimal level of objective justification ...'" to intrude on an individual's right to remain free from governmental interference. Huntley, 708 So.2d at 1049 (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989)).
In the present case, the lateness of the hour, the location of the car near a project known to the officer from extensive personal experience as a high narcotics trafficking area frequented by individuals living outside of the neighborhood, and the attempt of both men to avoid the police presence immediately upon sight of the officer gave Glasser an articulable and minimal objective basis for suspecting that he had interrupted a drug transaction and for stopping both individuals. See State v. Williams, 421 So.2d 874, 876 (La.1982) ("[G]iven the sudden departure of the trio at the approach of the police, given the furtive gesture of one of them and the coincident attempt at departure by defendant in his vehicle, the officers' hunch flowered into reasonable suspicion, based on articulable facts...."). Glasser had observed the defendant place both hands in his jacket as he attempted to walk away and the officer was fully acquainted with the "close association between narcotics traffickers and weapons." See United States v. Trullo, 809 F.2d 108, 113-14 (1st Cir.1987) ("[T]o substantial dealers in narcotics, firearms are as much `tools of the trade' as are most commonly recognized articles of drug paraphernalia.") (internal quotation marks and citation omitted). Glasser therefore had a articulable and objectively reasonable basis for conducting a self-protective search of the defendant's outer clothing for weapons. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The officer's "plain feel" through defendant's thin nylon jacket of the cocaine packet, which Glasser immediately identified on the basis of his long experience in the field, then gave him probable cause to seize the packet and to arrest the defendant. Minnesota v. Dickerson, 508 U.S. 366, 369-70, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993) ("If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.") (footnote omitted); United States v. Proctor, 148 F.3d 39, 43 (1st Cir.1998) (Upholding plain-feel seizure of glassine envelope filled with marijuana on the basis of police officer's testimony "that he was consistently able to determine the feel of marijuana from conducting numerous pat-downs of suspects.").
Accordingly, the judgments below are reversed and this case is remanded to the *1054 trial court for further proceedings consistent with the views expressed herein.
JUDGMENTS REVERSED; CASE REMANDED.
JOHNSON, J., dissents. Officers did not have probable cause to stop defendant's Wilson and Slaven under the circumstances.