PER CURIAM: *
Granted. The rulings below on the motion to suppress are reversed, relator’s conditional guilty plea under State v. Crosby, 338 So.2d 584 (La.1976), is vacated, and this case is remanded to the district court for further proceedings. Even assuming that the police had reasonable suspicion to conduct an investigatory stop and to conduct a self-protective frisk for weapons, see United States v. Trullo, 809 F.2d 108, 113— 14 (1st Cir.1987), the search of the cigarette pack which the defendant had voluntarily removed from his pocket, leading to the discovery of a crack-pipe, exceeded the permissible scope of the pat-down frisk sanctioned by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and “amounted to the sort of evidentiary search that Terry expressly refused to authorize .... ” Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 2139, 124 L.Ed.2d 334 (1993). See State v. James, 99-3304 (La.12/8/00), — So.2d-, 2000 WL 1821204; State v. Sheehan, 99-0725 (La.7/2/99), 767 So.2d 1; State v. Thornton, 621 So.2d 173 (La.App. 4th Cir.1993), unit denied, 93-2109 (La.9/23/94), 642 So.2d 1307.
TRAYLOR and KNOLL, JJ., would deny the writ.

 James C. Gulotta, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.