841 So.2d 977 (2003)
STATE of Louisiana
v.
Joseph J. SANDOVAL.
No. 02-KA-230.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*979 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Parish of Jefferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellee.
Dwight Doskey, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
The defendant, Joseph Sandoval, was convicted of one count of distributing heroin and one count of possession with intent to distribute heroin, violations of LSA-R.S. 40:966(A), and he was sentenced to the statutorily mandated sentence of life imprisonment without benefit of probation or suspension of sentence on each count, to be served concurrently.[1] The defendant *980 now appeals. For the following reasons, we affirmed the defendant's convictions and sentences.
At trial, the State presented testimony that defendant engaged in a hand-to-hand transaction with Terry Russell at approximately 4:45 p.m. on April 5, 2000. Earlier that day, officers from the Jefferson Parish Sheriff's Office, along with the Drug Enforcement Administration (DEA) were surveilling a residence located at 554 Sizeler Avenue in Jefferson Parish. According to Sergeant Jason Renton, the Sheriff's Office had learned that Terry Russell and another man, Kevin Bordelon, were going to obtain a quantity of heroin. Albert Baudier, who was a narcotics detective with the Jefferson Parish Sheriff's Office at the time, explained that he was positioned near the house watching for a silver Mitsubishi pickup truck with a white camper. A truck matching that description arrived at the house and later departed the residence. Detective Baudier notified the other officers of the truck's departure, and these officers followed the truck. The truck first went to a gas station where one of the occupants pumped gas, and then to the Blockbuster Video store at the intersection of Cleary Avenue and Veterans Memorial Boulevard.
Agent George Carcabasis testified that he was employed by the Jefferson Parish Sheriff's Office at the time of the incident, but was employed by the DEA at the time of trial. Agent Carcabasis testified that he was positioned approximately 20 to 25 yards from the Blockbuster parking lot. When the silver Mitsubishi truck arrived at the Blockbuster, Terry Russell, who was the passenger, and the driver, Kevin Bordelon, exited the truck. A woman, later identified as Mary Bocz, arrived. Agent Carcabasis observed all three people walking around the parking lot as if waiting for someone. Mary Bocz used the pay phone in the parking lot, and then all three individuals returned to their vehicles. Shortly thereafter, a man, later identified as the defendant, pulled into the parking lot. The defendant was accompanied by a passenger, Erin Woods.
Agent Carcabasis testified that he observed Terry Russell exit the Mitsubishi and walk to the driver's side of the defendant's vehicle. After Russell and the defendant held a brief conversation, Russell reached into his pocket and handed what appeared to Agent Carcabasis was money to the defendant through the driver's side window. According to Agent Carcabasis, the defendant handed Russell "something," which Russell immediately placed in his pocket. After they talked for a few minutes, Russell walked away. Mary Bocz then approached the driver's side window and began talking to the defendant. Agent Carcabasis radioed the other surveilling officers of the transaction between Russell and defendant and told them that it appeared a second transaction was taking place. Thereafter, Agent Carcabasis told the officers to "move in and effect the stop of all of the individuals involved."
Lieutenant Emile Larson of the Jefferson Parish Sheriff's Office arrested Terry Russell. According to Lieutenant Larson, Russell held one foil packet in his hand. Lieutenant Larson testified that he searched Russell incident to his arrest and found a prescription bottle in the name of Kevin Bordelon in Russell's pocket. The *981 prescription bottle contained 17 foil packets. According to Charles Krone, the State's forensic expert, all of these foil packets contained heroin.
Sergeant Warren Bujol, a Jefferson Parish Narcotics Officer, testified that he participated in the defendant's arrest. According to Sergeant Bujol, the defendant was holding a Crown Royal bag, which defendant threw to the ground, when the officers removed him from the car. Sergeant Bujol testified that the Crown Royal bag contained a plastic bag containing rice and 12 foil packets, which Mr. Krone testified tested positive for the presence of heroin. The officers also found a loaded.40 caliber pistol underneath the center console of the defendant's car. Lieutenant Larson testified that he seized $436.00 in cash from Erin Woods' purse. Agent Carcabasis testified that he seized $480.00 in cash, all in denominations of $20.00, from the defendant's pocket.
Although defendant presented no evidence at trial, the theory of the defendant's case presented to the jury in closing argument was that the defendant attempted to purchase drugs from Russell. At most, the defense urged that the defendant was guilty of attempted simple possession of heroin.
In his third assignment of error, the defendant contests the sufficiency of the evidence presented at trial. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, we first determine the sufficiency of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Alexis, 98-1145 (La.App. 5 Cir. 6/1/99), 738 So.2d 57, 64, writ denied, 99-1937 (La.10/13/00), 770 So.2d 339.
The defendant contends that the State's evidence presented at trial is legally insufficient to support his convictions for possession with intent to distribute heroin and distribution of heroin. The State responds that it proved beyond a reasonable doubt that the defendant committed these offenses.
The appropriate standard of review for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See also, State v. Juluke, 98-0341 (La. 1/8/99), 725 So.2d 1291, 1292-1293; State v. Holmes, 98-490 (La.App. 5 Cir. 3/10/99), 735 So.2d 687, 690.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 provides that "assuming every fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Captville, 448 So.2d 676, 678 (La. 1984); State v. Wooten, 99-181 (La.App. 5 Cir. 6/1/99), 738 So.2d 672, 675, writ denied, 99-2057 (La. 1/14/00), 753 So.2d 208. This is not a separate test from the Jackson standard, but rather provides a helpful basis for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Wooten, supra.
Defendant was convicted of possession with intent to distribute heroin and distribution of heroin, violations of LSA-R.S. 40:966(A)[2]. The defendant claims the *982 evidence was insufficient to support his distribution conviction because Agent Carcabasis could not see what was exchanged between Russell and the defendant. The defendant does not claim that Agent Carcabasis' testimony was unbelievable; rather, defendant urges that the officer's testimony failed to establish that defendant distributed heroin to Russell. We find that the State's witnesses' testimony and the circumstances in this case established that the defendant distributed heroin beyond a reasonable doubt.
The physical evidence at trial linked the defendant to Russell. Incident to arrest, Lieutenant Larson seized an address book from Terry Russell According to Agent Robert Norton of the DEA, the defendant's cellular phone number was 259-5462. That phone number is in Terry Russell's address book under the "J" entries.
Further, it appears that Agent Carcabasis' testimony about the hand-to-hand transaction between Russell and defendant established that defendant distributed the heroin to Russell. According to Agent Carcabasis, Bordelon and Russell were walking around the parking lot as if "looking for somebody or waiting for something to show up." Shortly thereafter, defendant showed up and Russell approached the defendant's car. Agent Carcabasis consistently testified that he believed Russell exchanged money for an object with the defendant. Agent Carcabasis said that Russell reached into his pocket and gave "what appeared to be money" to the defendant, and defendant handed "something" to Russell. On cross-examination, Agent Carcabasis testified that Russell "definitely went into his pocket and retrieved money." Thereafter, the defendant and Russell "both met hand to hand and did the exchange for money." Mary Bocz then approached the defendant's window, but the officers descended upon the parking lot before anything took place between the defendant and Bocz.
Agent Carcabasis freely acknowledged that he did not see exactly what the defendant had passed to Russell. However, the defendant was found to be in possession of $480.00 in cash and twelve packets of heroin, which Agent Baudier described to be "dosage units." Although Russell was found to be in possession of seventeen "dosage units" of heroin, and one "dosage unit" of heroin in his hand, there was no evidence that Russell had any money on his person. These circumstances support an inference that the defendant was the distributor, not Russell.
"The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness." State v. Deruise, 98-0541 (La.4/3/01), 802 So.2d 1224, 1243, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Hotoph, 99-243 (La.App. 5 Cir.11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066. Under the circumstances presented in this case, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the defendant distributed heroin to Russell.
*983 The defendant also contends that the State failed to prove that he possessed heroin with the intent to distribute. The essential elements of the crime are 1) possession and 2) specific intent to distribute. State v. Quest, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 786, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866. The defendant does not dispute that he possessed heroin, only that the State failed to prove he had the specific intent to distribute it. The defendant points out in his brief that the State did not present case any expert testimony regarding the amount of heroin that might be possessed by an individual user. Further, although the defendant was in possession of $480.00 evidence regarding the cost of an individual packet of heroin.
Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). The determination of specific criminal intent is a question of fact and may be inferred from the circumstances and from the actions of the defendant. State v. Lewis, 97-160 (La. App. 5 Cir. 7/29/97), 698 So.2d 456, writ denied, 97-2381 (La.3/27/98), 716 So.2d 881.
The Louisiana Supreme Court has recognized a series of factors that may give rise to a reasonable inference that a defendant had the specific intent to distribute a controlled dangerous substance in State v. Hearold, supra; State v. House, 325 So.2d 222 (La.1975).
These factors include:
(1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
State v. Hearold, 603 So.2d at 735.
However, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible. State v. Hearold; State v. Lassere, 95-1009 (La. App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
In this case, Agent Carcabasis observed Terry Russell exchange what the officer believed was money for an object with the defendant, a packet of heroin was found in Russell's hand, and seventeen more packets were found in his pocket. Further, a handgun was found in the console of the automobile that defendant was driving. The Louisiana Supreme Court has recognized that there is a close association between narcotics traffickers and weapons. See, State v. Wilson, 00-178 (La. 12/8/00), 775 So.2d 1051, 1053 per curiam, and the cases cited therein.
We find that the evidence was sufficient under the Jackson standard to support defendant's conviction for possession with intent to distribute heroin.
In his first allegation of error, the defendant contends that Judge Bodenheimer should have recused himself from the defendant's narcotics distribution case because he was apparently involved as a confidential informant with the Jefferson Parish District Attorney's Office and Sheriff's Office. The State responds that, *984 although it is "aware of the judge's situation," the record does not contain any evidence supporting the defendant's claims in this assignment of error.
In this case, the record reflects that the defendant did not move to recuse the trial judge. While La.C.Cr.P. art. 672 provides that a judge may recuse himself, there is nothing in the record before us to indicate that the trial judge should have recused himself.
Both the Louisiana Supreme Court and this Court have recognized that courts of appeal have no authority to receive or review evidence not contained in the district court record. State v. Oubichon, 422 So.2d 1140, 1141 (La.1982); State v. Bibb, 626 So.2d 913, 924 (La.App. 5 Cir.1993), writ denied, 93-3127 (La.9/16/94), 642 So.2d 188. The district court record does not contain any evidence supporting the defendant's claims in this assignment of error. Accordingly, this assignment of error presents nothing for this Court to review on appeal.
We note that defendant is not without a remedy, however. The defendant's claim would be more properly raised in an application for Post-Conviction Relief. See, La.C.Cr.P. art. 924 et seq; State v. Harris, 02-873 (La.App. 5 Cir. 1/28/03), 839 So.2d 291.
In his second allegation of error, the defendant alleges that the trial judge improperly permitted Agent Carcabasis to give what amounted to expert testimony on the issue of hand-to-hand narcotics transactions. Specifically, the defendant contends that Agent Carcabasis' testimony on redirect examination regarding his past experiences regarding hand-to-hand narcotics transactions constituted improper expert opinion as to the ultimate issue of defendant's guilt. The State responds that the trial judge properly overruled the defendant's objection because the officer did not express an opinion as to the defendant's guilt.
At trial, defendant objected to Agent Carcabasis' redirect testimony on the basis that it was beyond the scope of crossexamination and that the testimony was irrelevant. Not once during the testimony referred to in defendant's brief, did the defendant challenge Agent Carcabasis' testimony on the basis that the officer gave expert testimony. Although the defendant objected to Agent Carcabasis' rebuttal testimony on the basis that he had not been qualified as an expert, the defendant does not challenge that testimony on appeal.
Since the defendant raises a new basis for the objection for the first time on appeal, the trial court was not afforded the opportunity to rule on it. Both this Court and the Louisiana Supreme Court have recognized that a new basis for an objection may not be raised for the first time on appeal. State v. Cooks, 97-0999 (La.9/9/98), 720 So.2d 637, 644; cert. denied, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999); State v. Burdgess, 434 So.2d 1062, 1067 (La.1983); State v. Winfrey, 97-427 (La.App. 5 Cir. 10/28/97), 703 So.2d 63, 77, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. In Winfrey, this Court addressed the defendant's argument only on the basis of the objection raised at trial, not the new basis urged for the first time on appeal. Accord, State v. Gaal, 01-376 (La.App. 5 Cir. 10/17/01), 800 So.2d 938, 950. Accordingly, we limit our review the basis of the objection urged at trial, which was that the testimony was irrelevant and beyond the scope of crossexamination.
According to LSA-C.E. art. 611(D), "[a] witness who has been crossexamined is subject to redirect examination as to matters covered on cross-examination and, in the discretion of the court, *985 as to other matters in the case." The trial court is vested with much discretion in controlling the scope and extent of cross-examination, as well as redirect examination, and those rulings are not to be disturbed on appeal absent an abuse of that discretion. State v. Brooks, 94-1031 (La.App. 5 Cir. 5/30/95), 656 So.2d 772, 775.
Except as limited by the Code of Evidence and other laws, all relevant evidence is admissible and all irrelevant evidence is inadmissible. LSA-C.E. art. 402. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. LSA-C.E. art. 401. Although relevant, evidence may nonetheless be excluded, if the probative value is substantially outweighed by its prejudicial effect. See, LSA-C.E. art. 403. A trial judge's determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, 1237, writ denied, 99-0671 (La.6/25/99), 746 So.2d 597.
During redirect examination, the defendant objected when Agent Carcabasis testified about his past experiences in observing hand-to-hand transactions. Agent Carcabasis stated that he had seen "probably well over 100" such transactions, and that he was not always able to see the contraband or the money. According to Agent Carcabasis, investigations following the transactions, however, revealed that a drug deal had occurred in each of the transactions. The trial judge overruled the defendant's objections to this testimony.
On cross-examination, the defense had questioned Agent Carcabasis intensely on what he had seen when Russell's and defendant's hands met. Agent Carcabasis testified that he believed Russell had handed money and in return, defendant gave Russell an object. Agent Carcabasis acknowledged that he could not determine the nature of the object. Further, Agent Carcabasis admitted that the object defendant handed to Russell "could have been anything."
Agent Carcabasis' redirect testimony regarding his past experiences with observing hand-to-hand transactions was in response to the matters covered by the defendant on cross-examination. Further, the defendant was afforded the opportunity to re-cross Agent Carcabasis, and in fact, elicited the same testimony. On recross, the defense asked Agent Carcabasis how many "surveillance[s]" he had observed, and Agent Carcabasis replied "100's." When the defense attorney asked Agent Carcabasis if he had ever determined that no contraband was involved in these surveillances, Agent Carcabasis replied negatively. Because Agent Carcabasis' testimony on re-direct was relevant to the matters defendant covered on crossexamination, we find that the trial judge did not err in overruling the defendant's objections.
Finally, we have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
For the above-discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] It is noted that at the time of the instant offenses and at sentencing, distribution and possession with intent to distribute heroin were punishable by a mandatory life sentence. However, effective June 15, 2001, the term of imprisonment for these offenses was reduced to not less than five nor more than fifty years at hard labor, at least five years of which shall be served without benefit of probation or suspension of sentence. See 2001 La.Acts 403 § 4.
[2] La. R.S. 40:966(A) provides:

A. Manufacture; distribution. Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I.